FRANKLIN BEEBE,

*vs.*

A. M. FRIDLEY.

Where the county in which a judgment debtor resides is attached to another for judicial purposes under *sec.* 33, *ch.* 64, *Gen. Stat.*, the execution required to be issued under *section* 299, *ch.* 66, *Gen. Stat.*, as preliminary to supplementary proceedings, may properly be issued to the sheriff of the county to which that in which the debtor resides is attached.

This is an appeal from an order of the district court for Hennepin county, made by the judge at chambers in supplementary proceedings on return of execution unsatisfied, requiring the defendant to appear .and disclose concerning his property.

ATWATER & FLANDRAU for Appellant.

BEEBE & SHAW for Respondent.

*By the Court*—BERRY, J.—Plaintiff recovered a judgment against defendant in the district court for Hennepin county.

Defendant resides in Manomin county. The only question which we are asked to consider is, whether the sheriff of Hennepin county was a proper officer to whom to issue the

execution required to be issued as the foundation of supplementary proceedings, under *section* 299, *ch.* 66, *Gen. Stat.*, which provides for the issue of such execution *to the sheriff of the county where the debtor resides*. If the sheriff of Hennepin county was, in a case of this kind, sheriff of Manomin county, the execution was well issued to him.

The defendant claims, that Manomin county having been created by *sec.* 36, *ch.* 8, *Gen. Stat.*, and that *section* 164, *ch.* 8, *Gen. Stat.*, providing that there shall be elected in oach county, a sheriff, the presumption is that a sheriff was elected in Manomin county, to whom it is insisted the execution should have been issued. But in the view which we entertain, it is unnecessary to consider whether this presumption is well founded or not. *Sec.* 33, *ch.* 64, *Gen. Stat.*, enacts that " for judicial purposes, to enforce civil rights, &c., the county of Manomin is attached to the county of Hennepin," (and other counties attached to other counties) "and for such purposes all the officers of the county of Hennepin," (and other counties named) "necessary to effect the same, shall have and exercise full jurisdiction, power and authority over and act in and for the counties respectively attached to said counties as aforesaid as fully as if they were part of the same." The language "for judicial purposes, to enforce civil rights," manifestly embraces the purpose of enforcing civil rights through a district court, and the issue of an execution to collect a judgment of said court, or to lay a foundation for supplementary proceedings through which to collect the same, clearly falls within this purpose.

The language, *"all the officers of the county"* *to which another is attached* *"necessary to effect"* *these purposes*, was, we think, used (so far as any question arising in the case is concerned) to distinguish the officers whose duties

related to the enforcement of civil rights through the district courts, from other county officers whose duties lay in another field; such, for instance, as the county treasurer, register of deeds, &c. That is to say, in this instance, those officers of Hennpin county whose duties pertained to the enforcement of civil rights, through the district courts, were invested with the full authority over Manomin county mentioned in the statute before quoted. Whether, then, there was or was not a sheriff elected in Manomin county, we think the sheriff of Hennepin county was the sheriff of Manomin county within the meaning of the statute cited, under which these proceedings were instituted. The requirement found in *sec.* 299 *ch* 64, *Gen. Stat.*, that the execution should be issued *to the sheriff of the county where the debtor resides*, was, we think, intended to require it to be issued to a sheriff having jurisdiction over the county in which the debtor resided, in distinction from allowing it to be sufficient to issue it as it otherwise might be under *section* 288, *ch.* 66, *Gen. Stat.*, to the sheriff of any county where the judgment was docketed. Order affirmed.